UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
LUIS COLON,                          :
                                     :
      Plaintiff,                     :
                                     :
      v.                             :    CASE NO. 3:08CV75(AWT)
                                     :
JOHN E. POTTER,                      :
                                     :
      Defendant.                     :
```

RULING ON DISCOVERY MOTIONS

Pending before the court are the defendant's Motion to Compel (doc. #24) and the plaintiff's Motion to Quash (doc. #28). Oral argument was held on May 21, 2009.

I.   Motion to Compel:

The defendant's Motion to Compel (doc. #24) is granted in its entirety.[1]  The plaintiff did not file objections to the disputed requests for production, and has responded that he has no responsive materials in his "possession."[2]

Pursuant to Fed. R. Civ. P. 34(a), a party is obligated to produce responsive items that are in its "possession, custody or

---

[1] The requests at issue are #3, 11, 16, 21, 22, 23, 24, 25 and 27.  Despite some confusion in the papers, the defendant does not seek to compel further response to request #26.

[2] The plaintiff argues that the motion to compel should be denied because defense counsel failed to submit an affidavit about conferral, as required by Local Rule 37(a).  While the plaintiff is correct about the importance of this requirement, defense counsel did set forth facts within her motion summarizing her efforts to obtain compliance. Moreover, defense counsel attached an affidavit to her reply brief. The court recessed during oral argument to give the parties an opportunity to confer, and they were unable to resolve their dispute.

1

control."  The word "control" means more than mere possession. "Control has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought upon demand."  <u>In re Ski Train Fire of November 11, 2000 Kaprun Aus.</u>, MDL Docket #1428 (SAS)(THK), 2006 U.S. Dist. LEXIS 29987 at *13-14 (S.D.N.Y. May 16, 2006) (emphasis added).  The plaintiff shall make a good faith search for, and produce to the defendant, all responsive documents in his possession, custody or control.

If the plaintiff, after diligent search, maintains that he has no responsive materials, he shall provide the defendant with a sworn affidavit to that effect.  Pursuant to Local Rule 37(d), the plaintiff shall comply with this order within ten days of its filing.

II.  <u>Motion to Quash:</u>

With the agreement of defense counsel, the plaintiff's Motion to Quash, doc. #28, is granted insofar as the subpoena seeks documents for years prior to 2005.  The defendant reports that the union has already responded to the subpoena and did not produce any records predating 2005.

SO ORDERED at Hartford, Connecticut this 21st day of May, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

2